ON APPLICATION FOR REINSTATEMENT
liPER CURIAM.
This proceeding arises out of an application for reinstatement filed by petitioner, Alvarez T. Ferrouillet, Jr., an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On June 80, 2000, this court suspended petitioner from practice for a period of three years, retroactive to the date of his interim suspension on May 22, 1997. In re: Ferrouillet, 99-3434 (La.6/30/00), 764 So.2d 948. The underlying disciplinary matter arose from petitioner’s federal conviction for activities in connection with the congressional campaign of Henry W. Espy, Jr. After serving his suspension, petitioner filed an application for reinstatement, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) initially indicated that it would take no position concerning petitioner’s reinstatement to the practice of law, but after a formal hearing before the hearing committee, the ODC conceded that petitioner met the reinstatement criteria set forth in the rule.
Notwithstanding the ODC’s position, after considering the evidence presented, the hearing committee recommended that the petition for reinstatement be denied, on the ground that petitioner failed to meet the requirements of Rule XIX, § 24(E)(4) (the lawyer recognizes the wrongfulness and seriousness of the misconduct for which he |2was disciplined) and (6) (notwithstanding the conduct for which the lawyer was disciplined, he has the requisite honesty and integrity to practice law). Petitioner filed an objection in the disciplinary board to the hearing committee’s recommendation.
Thereafter, the disciplinary board recommended to this court that petitioner be reinstated to the practice of law. The board found the hearing committee’s conclusions that petitioner does not possess the requisite honesty and integrity to practice law, and that petitioner is not remorseful for the conduct which formed the basis of the federal criminal charges, are manifestly erroneous. The board found the record is devoid of any evidence of dishonesty or lack of integrity on petitioner’s part since his conviction. As to peti *916 tioner’s remorse, the board acknowledged his testimony before the hearing committee to the effect that the federal charges were politically motivated and that the conviction was not “as enormous as what it was played out to be.” Nevertheless, the board concluded these statements were not evidence of a lack of remorse for the underlying misconduct upon which the charges were based; instead, these statements merely evidence petitioner’s belief that the charges themselves were unjustified.
Based on this reasoning, the board concluded that petitioner has satisfied the criteria for reinstatement to the practice of law, and recommended that his application for reinstatement be granted. The board further recommended that petitioner’s reinstatement be conditioned upon a two-year period of supervised probation, during which time petitioner will be subject to periodic monitoring of his financial accounts, including any operating or trust accounts.
Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
^DISCUSSION
Petitioner has served the three-year suspension imposed by this court in 2000, and no objections were received to his application for reinstatement. Petitioner has met the criteria for reinstatement set forth in Supreme Court Rule XIX, § 24(E). Accordingly, we will accept the disciplinary board’s recommendation and order that petitioner be conditionally reinstated to the practice of law in Louisiana, subject to a probationary period of three years. During the period of probation, petitioner’s financial accounts, including any operating or client trust accounts, shall be monitored on at least a quarterly basis. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Alvarez T. Fer-rouillet, Jr. be conditionally reinstated to the practice of law in Louisiana, subject to a probationary period of three years. During this period, petitioner’s financial accounts, including any operating or client trust accounts, shall be subject to monitoring on at least a quarterly basis. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
VICTOR, J., and TRAYLOR, J., dissent.